UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL DUPREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 1911 RWS |
| | ) |
| MITCHEL GRUTZMACHER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Daniel Dupree brings this personal injury action for injuries he allegedly sustained when Defendant Mitchel Grutzmacher's truck hit Dupree's snow plow on the interstate. Dupree brings a negligence claim against Grutzmacher and a vicarious liability claim against Grutzmacher's employer, Southern Cal Transport Co. Defendants move for partial summary judgment on punitive damages, arguing Dupree has not and cannot produce evidence that would support submitting the issue of punitive damages to a jury. After careful review of the record under the relevant standards,[1] it appears the evidence may warrant

---

[1] In ruling on a motion for summary judgment, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e).

submitting the issue of punitive damages. As a result, the issue is not appropriate for summary judgment, and I will deny Defendants' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment [39] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2017.