UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL DUPREE,                          )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )        No. 4:15 CV 1911 RWS
                                        )
MITCHEL GRUTZMACHER, et al.,            )
                                        )
        Defendants.                     )

## DEFENDANTS' OMNIBUS MOTIONS IN LIMINE

Come now Defendants, MITCHEL GRUTZMACHER and SOUTHERN CAL

TRANSPORT CO., by and through their attorneys, KNAPP, OHL & GREEN, prior to the

selection of the jury in this case, and respectfully moves this Court in Limine to enter an Order

directing Plaintiff, his counsel and all witnesses and parties to this lawsuit, to refrain from

making any direct or indirect mention, whatsoever, at the trial, before the jury, of the matters set

forth below, without first obtaining permission from this Court, outside of the presence and

hearing of the jury.  Defendants further move this Court to enter an Order prohibiting Plaintiff,

his counsel and his witnesses from displaying to the jury, any physical evidence or exhibit

concerning the matters listed below.  In support of his Motion, Defendants state as follows:

1.      That all witnesses, other than the parties to the lawsuit, be excluded from the

courtroom and separated as to prevent their discussion of trial testimony during the taking of

testimony pursuant to Fed. R. Evid. 615.

_____ SUSTAINED      _____ OVERRULED      _____ NO OBJECTION

2.      That any party is covered by liability insurance as such testimony is irrelevant and

prejudicial pursuant to Fed. R. Evid. 401 and 411.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

3.      Allowing any of Plaintiff's experts to opine about Plaintiff's purported future medical treatment as this Court previously ordered that Plaintiff's experts are barred from offering such testimony since it was not properly disclosed pursuant to Fed. R. Civ. 26.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

4.      Mentioning the settlement negotiations between the parties as such is not an admission and allowing such evidence would discourage settlement attempts pursuant to Fed. R. Evid. 408.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

5.      Barring any testimony of any witness not disclosed in Plaintiff's answers and responses to written discovery requests, or pursuant to Fed. R. Civ. P. 26.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

6.      That Plaintiff lost profits or suffered a loss of earnings as Plaintiff has stated that he is not seeking lost profits or earnings.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

7.      That Plaintiff continues to suffer from injuries allegedly sustained as a result of the accident at issue as there is no medical testimony or documentation to support this testimony. As a result, such testimony is merely speculative and improper.  Plaintiff is no longer treating with any doctors for any of the alleged injuries he sustained and no doctor has placed any medical restrictions on his activities.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

8.      Barring the use of any photograph absent the requisite evidentiary foundation.

\_\_\_\_\_ SUSTAINED   \_\_\_\_\_ OVERRULED   \_\_\_\_\_ NO OBJECTION

9.      Barring the use of any video absent the requisite evidentiary foundation.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

10.     Barring any mention of Mitch Grutzmacher's DWI that occurred approximately

17 years ago as such evidence is irrelevant pursuant to Fed. R. Evid. 401, and it is prejudicial.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

11.     Barring any mention of Mitch Grutzmacher's prior traffic citation as such

evidence is irrelevant pursuant to Fed. R. Evid. 401.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

12.     Barring any mention of Mitch Grutzmacher's prior motor vehicle accident that

occurred shortly after he started driving for Southern Cal in 2000 as such evidence is irrelevant

pursuant to Fed. R. Evid. 401.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

13.     Barring any mention of Dr. Mirkin or the fact that Defendants de-designated him

from being a retained expert witness as such evidence is irrelevant pursuant to Fed. R. Evid. 401.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

14.     Barring the use of the Missouri Crash Report as it is inadmissible hearsay aside

from the narratives provided by the parties.

\_\_\_\_\_ SUSTAINED      \_\_\_\_\_ OVERRULED      \_\_\_\_\_ NO OBJECTION

15.     Barring any mention that passing on the right is not legal as such reference is

contrary to Missouri law.  A driver of a motor vehicle may overtake and pass to the right of

another vehicle pursuant to V.A.M.S. 304.016.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

16.      Barring any evidence or mention of any discipline or reprimands with regard to

Mitch Grutzmacher post-accident as such evidence is irrelevant pursuant to Fed. R. Evid. 401.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

17.      Barring any mention that the road conditions contributed to the motor vehicle

accident as such evidence is speculative, and not supported by the evidence.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

18.      Barring any mention that the weather conditions contributed to the motor vehicle

accident as such evidence is irrelevant, speculative, and not supported by any evidence.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

19.      Barring any mention that Defendant Grutzmacher was allegedly "going to run" as

such evidence is irrelevant, and improper.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

20.      Barring any mention of any alleged statements made by the alleged unknown

assailant or "black guy" at the scene.  Such evidence is hearsay and inadmissible pursuant to Fed.

R. Evid. 801, and also irrelevant pursuant to Fed. R. Evid. 401.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

21.      Barring any mention that Defendant Grutzmacher appeared anxious at the scene.

Such evidence is irrelevant and speculative.

_____ SUSTAINED   _____ OVERRULED   _____ NO OBJECTION

22.     Barring any mention of any other alleged incidents where a driver tried to squeeze between or pass on the right as such evidence is irrelevant pursuant to Fed. R. Evid. 401

_____ SUSTAINED     _____ OVERRULED     _____ NO OBJECTION

23.     Barring any mention that the subject accident was deemed "preventable" by Defendant Grutzmacher's employer.  Such evidence is irrelevant (See, Fed. R. Evid. 401, 402), unduly prejudicial (See, Fed. R. Evid. 403), inadmissible as a remedial measure (See, Fed. R. Evid. 407), and is an inadmissible lay opinion (See, Fed. R. Evid. 701). Further, there is no testimony from any company representative regarding the basis or reason for the determination that the accident was "preventable".

_____ SUSTAINED     _____ OVERRULED     _____ NO OBJECTION

24.     Barring any evidence or testimony that Plaintiff's co-worker, Tom Nacheweith allegedly stopped traffic on Interstate 70 near the Branch Exit (several exits before the subject collision), and walked back to the Defendant's tractor-trailer to ask him to ease off so they could do their job.  Such evidence is irrelevant pursuant to Rule 401.

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In accordance with Rule 401, the alleged acts of Tom Nacheweith and Defendant Grutzmacher that occurred several exits before the subject occurrence is not germane to how the collision occurred, or the Plaintiff's alleged damages.  As a result, the Court should bar any mention or testimony about the alleged traffic stop that occurred near the Branch Exit on I-70.

_____ SUSTAINED     _____ OVERRULED     _____ NO OBJECTION

25.     Defendants reserve the right to supplement these Motions in Limine.

WHEREFORE, Defendants respectfully request this Court enter an Order directing Plaintiff through his respective counsel, and counsel individually, not to mention, refer to, or interrogate concerning, or voluntarily answer or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above, without first informing the Court and obtaining permission of the Court outside the presence and hearing of the jury; and further, to instruct Plaintiff, through respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court; and further, that counsel be instructed to warn and caution each other and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was delivered electronically to Missouri Courts eFiling System, this ___ day of October, 2018 for service to all counsel of record accepting electronic service.

KNAPP, OHL & GREEN

By: _____
DONALD J. OHL, #44730
JESSICA A. BRASEL, #56418
6100 Center Grove Road
P.O. Box 446
Edwardsville, IL 62025
(618) 656-5088
(618) 656-5466 FAX
djo@knappohlgreen.com